IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

LISA W.,[1]

    **Plaintiff,**

    v.

KILOLO KIJAKAZI,

*Commissioner,*
*Social Security Administration,*

    **Defendant.**

CIVIL NO. 2:20cv590

## ORDER

This matter is before the Court on Lisa W.'s ("Plaintiff") objections to Magistrate Judge Douglas E. Miller's Report and Recommendation, which recommends that the Court deny Plaintiff's Motion for Summary Judgment, grant the Commissioner of Social Security Administration's ("Commissioner") Motion for Summary Judgment, and affirm the final decision of the Commissioner. ECF No. 23. For the reasons set forth below, the Court **OVERRULES** Plaintiff's objections to Judge Miller's Report and Recommendation and **ADOPTS** the findings and recommendations therein.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The facts and history of this case are fully set forth in Judge Miller's Report and Recommendation (the "R&R"). ECF No. 23.[2] Therefore, the Court provides only a summary of the relevant events below.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] Page citations are to the Certified Administrative Record filed under seal on March 30, 2021. ECF No. 13.

On January 16, 2015, Plaintiff applied for disability insurance benefits ("DIB").  R. 100. In her application, Plaintiff alleged her disability began on April 17, 2014 because of, among other ailments, fibromyalgia.  Id. at 105.  The state Social Security agency initially denied her application and again upon reconsideration.  R. 100.  Plaintiff then requested a hearing before an administrative law judge ("ALJ").  Such hearing was conducted before the ALJ on November 9, 2017.  R. at 11. The ALJ denied Plaintiff's claims, finding that the "regulatory requirements [for fibromyalgia syndrome] set forth in Social Security ruling 12-2p are not satisfied in this case."  Id. at 104.

Plaintiff again filed for DIB on April 30, 2018.  R. 17.  The alleged disability began on November 10, 2017, the day after the initial ALJ's decision denying Plaintiff her benefits.  Id. Again, Plaintiff alleged disability based on fibromyalgia and other conditions.  Another ALJ denied Plaintiff's claims, giving significant weight to the 2017 decision of the initial ALJ.  Id. at 27.  The ALJ found that the prior 2017 ALJ decision was supported by the current record and that no evidence supported a change in condition since that ruling.  Id.

On November 23, 2020, Plaintiff brought the instant action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner's final decision.  ECF No. 1.  On March 30, 2021, the Defendant filed an answer to the Plaintiff's complaint. ECF No. 12. The Court then referred the matter to Magistrate Judge Miller for report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).  ECF No. 14.  The parties each filed and fully briefed motions for summary judgment.  See Pl. Mot. for Summary Judgment, ECF No. 18; See Commissioner's Cross Mot. for Summary Judgment, ECF No. 20.  Briefing for the parties' motions for summary judgment were completed and referred to Judge Miller on August 26, 2021.

On September 28, 2021, Judge Miller issued his Report and Recommendation, which recommends that the Court (1) DENY Plaintiff's Motion for Summary Judgment, (2) GRANT the

Commissioner's Motion for Summary Judgment, and (3) AFFIRM the final decision of the Commissioner. ECF No. 23 at 23. By copy of such report, each party was advised of the right to file written objections to Judge Miller's findings and recommendations. Id. at 23–24.

On October 12, 2021, Plaintiff filed objections claiming that Judge Miller improperly applied the case law of this circuit and erred in finding Plaintiff failed to show she met the relevant criteria to show her alleged fibromyalgia was a severe impairment. ECF No. 24 at 1–2. The Commissioner responded to said objections on October 18, 2021 and requested this Court to overrule Plaintiff's objections and to adopt Judge Miller's Report and Recommendation. ECF No. 25 at 1. Such objections are now before the Court.

## II. STANDARDS OF REVIEW

### A.   REVIEW OF THE REPORT AND RECOMMENDATION

After the Magistrate judge issues a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which [proper] objection is made." 28 U.S.C. § 636(b)(1); see Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations," de novo review is unnecessary. Allen v. Coll. of William & Mary, 245 F. Supp. 2d 777, 788 (E.D. Va. 2003) (quoting Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (internal citations omitted)). Moreover, "[a] mere restatement of the arguments raised in the summary judgment filings does not constitute an objection for the purposes of district court review." Nichols v. Colvin, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015); see also Hartfield v. Colvin, No. 2:16–CV–431, 2017 WL 4269969, at *7 (E.D.

3

Va. Sep. 26, 2017) ("The Court may reject perfunctory or rehashed objections . . . that amount to 'a second opportunity to present the arguments already considered by the Magistrate Judge.'") (internal citation omitted).  If no proper objection is made, the district court need only review the report and recommendation for clear error.  See Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

### B. REVIEW OF THE ALJ'S DECISION

When reviewing the Commissioner's denial of benefits under the Social Security Act, the Court "must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation omitted).  As the Fourth Circuit has explained:

> Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. . . In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]. . . Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ].

Id. (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)) (internal quotations omitted).

In deciding whether to uphold the Commissioner's final decision, the Court considers the entire record, "including any new evidence that the Appeals Council 'specifically incorporated . . . into the administrative record.'" Meyer v. Astrue, 662 F.3d 700, 704 (4th Cir. 2011) (internal quotation omitted)).  If substantial evidence in the record does not support the ALJ's decision, or if the ALJ has made an error of law, the Court must reverse the decision. Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

### III. PLAINTIFF'S OBJECTIONS

The Court now turns to the Plaintiff's objections to Judge Miller's Report and Recommendation.  Plaintiff objects to the R&R on two interrelated grounds. See ECF No. 24 at

1–2.   First, Plaintiff argues that Judge Miller erred in holding that two cases, <u>Arakas v. Commissioner</u>, 983 F.3d 83 (4th Cir. 2020) and <u>April R.D. v. Saul</u>, No. 2:20-cv-210, 2021 WL 3260072 (E.D. Va. June 29, 2021), <u>report and recommendation adopted sub nom. April R.D. v. Saul</u>, No. 2:20-cv-210, 2021 WL 32150923 (E.D. Va. July 29, 2021), were not controlling of Plaintiff's case.  <u>Id.</u> at 1–2.  Second, Plaintiff argues that Judge Miller erred in finding that the ALJ's decision finding Plaintiff did not establish a claim based on fibromyalgia was supported by substantial evidence.  <u>Id.</u> at 2–4.  The Court will consider each in turn.

### A.   APPLICABILITY OF <u>ARAKAS</u> AND <u>APRIL R.D.</u>

First, the Court finds that Plaintiff addressed the applicability of both cases in its summary judgment filings before Judge Miller.  <u>See</u> ECF Nos. 19 at 7–8; 22 at 2–3.  Judge Miller explicitly referenced the applicability of these cases in the R&R. ECF No. 23 at 15–16. Therefore, Plaintiff's objections simply reflect "restatement[s] of the arguments raised in the summary judgment filings."  <u>Nichols</u>, 100 F. Supp. 3d at 497.  As this does not qualify as a proper objection, <u>see</u> <u>Diamond</u>, 416 F.3d at 315, the Court need only to review for clear error.

The Court finds no such error in Judge Miller's report.  Judge Miller was correct in noting that <u>Arakas</u> only dealt with Step Two of evaluating a claimant's symptoms. <u>See</u> <u>Arakas</u>, 983 F.3d at 95 ("Second, after finding a medically determinable impairment, the ALJ must assess the intensity and persistence of the alleged symptoms to determine how they affect the claimant's ability to work and whether the claimant is disabled. At this step, objective evidence is not required to find the claimant disabled.") (citations omitted).  <u>April R.D.</u> did not change this, as the magistrate judge simply held that without sufficient explanation for the ALJ's decision, the magistrate judge "cannot determine whether the ALJ appropriately followed the precedent of <u>Arakas</u>." <u>April R.D.</u>, 2021 WL 3260072, at *13.  The magistrate judge's decision in <u>April R.D.</u>

did not alter the legal precedent set in <u>Arakas</u>. Therefore, Judge Miller's finding that <u>Arakas</u> and <u>April R.D.</u> do not apply to Step One determinations was correct.

Accordingly, Plaintiff's objection to Judge Miller's Report and Recommendation is **OVERRULED**. ECF No. 24.

### B. SUBSTANTIAL EVIDENCE TO SUPPORT ALJ'S DECISION THAT FIBROMYALGIA NOT ESTABLISHED AS A SEVERE IMPAIRMENT

Next, Plaintiff argues Judge Miller erred in finding the ALJ properly found that Plaintiff failed to establish fibromyalgia as a severe impairment. ECF No. 24 at 2–4. Again, these objections amount to simply "a second opportunity to present the arguments already considered by the Magistrate Judge" and will be reviewed by the Court for clear error. <u>Hartfield</u>, 2017 WL 4269969, at *7.

Generally, to have a medically determinable impairment of fibromyalgia, claimants must meet one of two sets of criteria. First, the 1990 ACR Criteria for the Classification of Fibromyalgia ("1990 ACR Criteria") establishes that a claimant has a medically determinable impairment of fibromyalgia if she has all three of the following:

1. A history of widespread pain ... that has persisted (or that persisted) for at least 3 months. The pain may fluctuate in intensity and may not always be present.

2. At least 11 positive tender points on physical examination ...

3. Evidence that other disorders that could cause the symptoms or signs were excluded.

SSR 12-2p, 2012 WL 3104869 (July 25, 2012). Second, the 2010 ACR Preliminary Diagnostic Criteria ("2010 ACR Criteria") state that a claimant has a medically determinable impairment of fibromyalgia if she has all three of the following criteria:

1. A history of widespread pain ...

6

2. Repeated manifestations of six or more [fibromyalgia] symptoms, signs, or cooccurring conditions, especially manifestations of fatigue, cognitive or memory problems ("fibro-fog"), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome; and

3. Evidence that other disorders that could cause these repeated manifestations of symptoms, signs, or co-occurring conditions were excluded.

Id.

The ALJ in the case found that "[t]here was no evidence establishing fibromyalgia as a medically determinable impairment . . . through December 31, 2017, the date last insured." R. 23. The ALJ cited numerous exhibits to support his finding. Id. Plaintiff objects to this cursory finding, implying that the ALJ did not give sufficient rationalization for his decision which hampers judicial review. See ECF No. 24 at 3 (critiquing "post hoc rationalization" of ALJ decisions). However, upon review of the record, the ALJ was correct that no evidence is found regarding Plaintiff's claimed fibromyalgia through the last insured date of December 31, 2017. Only one mention of fibromyalgia is mentioned prior to December 31, 2017 and it contains no additional details. R. 464. Plaintiff's cited evidence in his objections all occur after the insured date. See ECF No. 24 at 3–4. While the Court is sensitive to ensuring rigorous oversight of the administrative state, ALJs are not required to spill gallons of ink explaining why no evidence of a claim exists in the record when just scant mentions of a condition are found in the relevant time period.

Rather than simply rely on this fact, Judge Miller went the extra mile and found that Plaintiff could not point to evidence supporting factors 2 and 3 of both the 1990 ACR Criteria and 2010 ACR Criteria. See ECF No. 23 at 16–19. Rather than being a post hoc rationalization as Plaintiff suggests, see ECF No. 24 at 3, Judge Miller explains that Plaintiff failed to independently

7

provide the Court with facts to indicate she met the SSR 12-2p criteria <u>even after the late insured date of December 31, 2017</u>. Thus, Judge Miller went beyond the relevant time period in his review of the record and still found Plaintiff failed to prove facts to meet the relevant SSR 12-2p. The Court finds no clear error in the record nor in Judge Miller's exceedingly thorough consideration of the case.

Accordingly, Plaintiff's objection to Judge Miller's Report and Recommendation is **OVERRULED**. ECF No. 24.

## IV.   CONCLUSION

As set forth above, the Court has conducted a clear error review of the relevant portions of the R&R to which objection has been made and concurs with the findings and recommendations of the magistrate judge. Therefore, the Court **OVERRULES** the Plaintiff's objection, ECF No. 24, to Judge Miller's R&R.

Furthermore, the Court has reviewed the remainder of the R&R along with the record of this case and finds no clear error. Accordingly, the Court hereby **ADOPTS** Judge Miller's R&R, ECF No. 23, and **ORDERS** as follows:

The Commissioner's Motion for Summary Judgment is **GRANTED**. ECF No. 20. Plaintiff's Motion for Summary Judgment is **DENIED**. ECF No. 18. The Commissioner's decision denying disability benefits to Plaintiff is **AFFIRMED**.

Plaintiff is **ADVISED** that he may appeal from this Order by forwarding a written notice of appeal to the Clerk of the United State District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Order.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

8

**IT IS SO ORDERED**.

/s/
_____
Robert G. Doumar
UNITED STATES DISTRICT JUDGE
Senior United States District Judge

Norfolk, VA
November __19__, 2021

9